21-560-cv
*Brown v. Equal Justice Initiative*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-two.

Present:
>    DEBRA ANN LIVINGSTON,
>         *Chief Judge*,
>    BARRINGTON D. PARKER,
>    EUNICE C. LEE,
>         *Circuit Judges.*

_____

ANTRELL VONIQUE BROWN, AKA ANTREL VONICCUE BROWN,

>         *Plaintiff-Appellant*,

>    v.                                                          21-560

EQUAL JUSTICE INITIATIVE, CHARLOTTE MORRISON, BRYAN STEVENSON,

>         *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Antrell Vonique Brown, *pro se*, Muskegon Heights, MI.

FOR DEFENDANTS-APPELLEES:                  No appearance.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Hurd, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED.**

Plaintiff-Appellant Antrell Brown, proceeding *pro se*, sued the Equal Justice Initiative and two of its employees in connection with its refusal to provide him legal representation related to the conditions of his confinement in a Michigan prison. He appeals the district court's February 5, 2021 judgment adopting a magistrate judge's report and recommendation and dismissing his complaint sua sponte for improper venue, and its February 23, 2021 order denying reconsideration of that decision.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

While "we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks and brackets omitted), *pro se* appellants must comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (holding that "we need not manufacture claims of error for an appellant proceeding *pro se*"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

---

[1] Brown also moves for a settlement and other relief.

Brown argues in his appellate brief that the defendants violated his rights, but he does not address the district court's dismissal of his complaint for improper venue. Nor does he mention the standard for granting reconsideration, or the district court's order denying reconsideration. These dispositive issues are thus waived. *See Moates*, 147 F.3d at 209.

Accordingly, we **AFFIRM** the judgment and February 23, 2021 order of the district court and **DENY** Brown's motion for a settlement and other relief as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court